## 18620

Annie L. CAUSBY, Appellant, v. ROCK HILL PRINTING AND FINISHING COMPANY, and Liberty Mutual Insurance Company, Respondents.

(153 S. E. (2d) 697)

226

*Messrs. John Bolt Culbertson* and *Charles E. Griffin,* of Greenville, *for Appellant,*

*Messrs. Roddey, Sumwalt & Carpenter,* of Rock Hill, *for Respondents.*

March 16, 1967.

LIONEL K. LEGGE, Acting Justice.

Appellant claimed benefits under the Workmen's Compensation Law as the result of injuries sustained by her on September 27, 1960, while in the employ of the respondent Rock Hill Printing and Finishing Company. A hearing was held on April 8, 1963; and on April 10, 1963 the Hearing Commissioner filed his Opinion and Award, awarding her compensation for temporary total disability through October 5, 1962, compensation commencing October 6, 1962 for twenty per cent specific disability of the right leg, and compensation for disfigurement. The time for appeal from this Opinion and Award expired on April 25, 1963; and no appeal was taken. Thereafter, through new counsel, she applied for review of said award upon alleged change of condition (Code 1962, Section 72-359); and on December 11, 1963 the Hearing Commissioner, finding as a fact that she had sustained a change of condition for the worse, made a further award in her favor. That award, to which more detailed reference will be made later, was affirmed by the Full Commission. The Circuit Court reversed, holding that the award was without evidentiary support; and this appeal followed.

"Change of condition," as the term in used in Section 72-359, means a change in the claimant's physical condition as a result of the original injury, occuring after the first award. *Cromer v. Newberry Cotton Mills,* 201 S. C. 349, 23 S. E. (2d) 19.

The Opinion and Award of April 10, 1963 found as a fact that claimant had reached maximum of medical improvement on October 5, 1962. Not having appealed from it, she was bound by it, subject of course to her right to review of it upon change of condition as prescribed by Section 72-359. But her suggestion here that review under Section 72-359 was available to her as an alternative to, or substitute for, an appeal, is without merit.

An appeal is concerned with conditions prior to and at the time of the original Opinion and Award, whereas review under Section 72-359 is concerned with conditions that have arisen thereafter.

At the hearing on April 8, 1963, appellant testified that as the result of the injury to her right knee she still had to walk with a cane, and that she still had pain in that leg. Her other witness at that hearing was Dr. Joseph Hodge, of Spartanburg, S. C., who had operated on her right knee-joint on June 19, 1962. He testified that she reached optimum improvement on October 5, 1962, with twenty per cent functional disability of the right leg, and that she was advised that she could return to her work. She did not return to work, however, and had not returned to work up to the time of the hearing on April 8, 1963, or of the last hearing, under Section 72-359, on November 20, 1963. We note, in passing, that all of the award of April 10, 1963 was paid in full shortly after its rendition.

On April 15, 1963, appellant was examined by Dr. E. M. Lunceford, Jr., of Columbia, S. C. Thereafter, as before mentioned, she applied for review of the award of April 10 upon alleged change of condition; and hearings thereon were held on November 6 and 20, 1963. The only witness at the November 6 hearings was Dr. Lunceford; the only witness at the hearing on November 20 was the appellant herself.

Dr. Lunceford testified that when he examined appellant on April 15, 1963 she told him that since her operation in June, 1962, she had never sufficiently improved to return to work, and that she was "still having a lot of pain in her knee." His examination revealed roughness on palpatation of the patella in both knees; there was more pain in the right knee than in the left; he concluded that she had roughness on the under surface of the patella as well as rather severe arthritis of the knee. He saw her from time to time after April 15 and on a few occasions injected her knee with novocain and cortisone for temporary relief; he last saw

her on October 11, 1963; he recommended that if the pain continued there should be an operation on the knee to remove some of the roughness; and he was hopeful that the proposed operation would be beneficial to the extent of lessening her pain. He testified further that there was probably some roughness in the knee-joint before the operation of June 19, 1962; that he did not think she had changed very much since April 15, 1963; and that "her condition was bad then and it is still bad." In response to the Hearing Commissioner's question, "Has her condition improved any?", he replied: " I don't think it has improved any. If anything, it might be a little worse. Actually, I guess it is about the same as it has been since I have been seeing her."

At the hearing on November 20, 1963, appellant testified on direct examination that she had not been able to do anything since the hearing on April 8; that she "would think" that the condition of her knee was worse than it was at the time of the former hearing; that it was painful at the time of the former hearing and was still painful; and that she wanted to have the operation as recommended by Dr. Lunceford. On cross examination she testified that Dr. Hodge's operation in June, 1962 made her worse intsead of better. In response to the Hearing Commissioner's question, "In April, 1963, you were getting along pretty good, weren't you?", she replied: "No, sir."

The Opion and Award of December 11, 1963, with which this appeal is concerned, finding that appellant had sustained a change of condition within the meaning of Section 72-359, concluded by ordering "that the defendants shall offer, and the claimant, Annie L. Causby, shall accept, an operation for her knee"; and "that the defendants shall commence payment of the claimant, Annie L. Causby, at her compensable rate thirty-five ($35.00) dollars, from the time she enters the hospital for surgery and continuing until such time as she reaches maximum as so ordered by the Industrial Commission." Significantly, it made no award of compensation for present disability, *i.e.,* for disability during

the period from April 10, the date of the original award, to December 11, the date of the award under discussion. Such compensation as it did order was to be contingent upon her having the operation as recommended by Dr. Lunceford, and was not to commence until she should enter the hospital for that purpose. Assuming such operation to be necessary, the real issue before us, then is whether there was any evidence to support the inference that the necessity for it arose after the award of April 10. We agree with the Circuit Judge that there was none, and that the only reasonable inference from all of the testimony, as hereinbefore summarized, is that the painful condition which it was hoped might be alleviated by the proposed operation existed at and prior to the date of the original award.

Affirmed.

LEWIS, Acting C. J., BUSSEY and BRAILSFORD, JJ., and G. BADGER BAKER, Acting Justice, concur.