652 S.E.2d 90

**Bryan Patrick ROBBINS, Appellant,**

v.

**WALGREENS AND BROADSPIRE SERVICES, INC., Respondent.**

No. 4291.

Court of Appeals of South Carolina.

Submitted June 1, 2007.

Filed Aug. 24, 2007.

Rehearing Denied Oct. 31, 2007.

260

Stephen B. Samuels, of Sumter, for Appellant.

Lana H. Sims, Jr., of Columbia, Mary Sowell League, of Columbia, for Respondents.

BEATTY, J.:

In this workers' compensation case, Bryan Robbins appeals from the circuit court's order affirming the Appellate Panel of the Workers' Compensation Commission's denial of his claim for additional compensation based on a change of condition, arguing: (1) he sustained a change of condition within the meaning of the act; and (2) he is entitled to additional medical benefits, including surgery, even if he did not sustain a change of condition because the treatment would tend to lessen his period of disability. We affirm.[1]

## FACTS

Robbins was the assistant manager at a Walgreens pharmacy in Sumter. On April 13, 2003, he injured his lower back while stacking cases of two-liter sodas on a cart. He reported the injury to his employer, filed a workers' compensation claim, and received compensation for his injury. Robbins was placed on disability for two weeks and then allowed to return to work on light duty with weight restrictions. Robbins was prescribed physical therapy, anti-inflammatory medication, and muscle relaxers. His treating physician, orthopedic surgeon Dr. Rakesch Chokshi, diagnosed Robbins with degenerative disc disease at levels L1–2 and L2–3, with foraminal compression causing lumbar spine radiculopathy, and lumbar stenosis. Dr. Chokshi released Robbins at maximum medical improvement with no work restrictions on September 24, 2003, with a 10% permanent impairment rating. Robbins returned to work with some residual symptoms. Although Robbins claimed his back pain slowly worsened after returning to work, Robbins settled his workers' compensation claim with Walgreens on March 12, 2004. Robbins was terminated from his employment with Walgreens for unspecified reasons on April 12, 2004.

On April 16, 2004, Robbins went to his family physician complaining of back pain that never abated from the prior accident at work. He was diagnosed with degenerative disc disease with radiculopathy. Robbins returned to Dr. Chokshi,

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

who diagnosed him with decreased lumbar motion secondary to facet arthropathy and degenerative changes and recommended further treatment. Dr. Chokshi recommended that Robbins not work. On May 11, 2004, Robbins filed a Form 50 request for a hearing based on a change in condition to his back and leg and requesting further treatment. Robbins sought treatment with Dr. Jefferey Wingate, who also diagnosed Robbins with disc degeneration at L1–2 and L2–3 with loss of disc height and signal. Robbins, who had begun to work for Walden Books part-time and began taking night classes, told Dr. Wingate that his back is "shot" after working. Dr. Wingate recommended further treatment, including discography, epidural injections, and a lumbar fusion.

At the hearing, Robbins testified that his back pain was "much worse" than it was at the time he settled his original claim. He also stated that his back pain was not resolved before he settled his claim, but he was afraid to inform his employer or request additional treatment for fear of being terminated. Although he admitted that his current employment with Walden Books exhausted him, he denied that it exacerbated his condition.

The single commissioner denied Robbins' claim, finding the "greater weight of the evidence does not support a finding that the Claimant suffered a physical change of condition for the worse arising out of the original injury." The single commissioner found Robbins' complaints and the results of his MRI taken before the settlement agreement were essentially the same as his complaints and the MRI taken for the change in condition action. Thus, the single commissioner found Robbins failed to prove that he sustained a significant change in condition such that he would be entitled to further compensation or treatment. The Appellate Panel affirmed the single commissioner's decision.

Robbins appealed to the circuit court, and after a hearing, the circuit court affirmed the Appellate Panel's decision. The court found that the Appellate Panel correctly concluded that Robbins failed to carry his burden of proof that he sustained a physical change of condition for the worse arising out of his original injury. The court further found that Robbins' argument that he should be awarded continuing treatment to

lessen his period of disability was not preserved because he failed to request continuing treatment for his initial injury at the time of the original settlement agreement and failed to request continuing treatment in his underlying action before the single commissioner. Robbins appeals.

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act establishes the standard of review for decisions by the Appellate Panel of the Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). "In workers' compensation cases, the [Appellate Panel] is the ultimate fact finder." *Shealy v. Aiken County,* 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). The Appellate Panel is specifically reserved the task of assessing the credibility of the witnesses and the weight to be accorded evidence. *Id.*

Thus, this court will not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact. *Therrell v. Jerry's Inc.,* 370 S.C. 22, 25, 633 S.E.2d 893, 894 (2006). "[T]his Court may reverse or modify the [Panel's] decision if Petitioner has suffered the appropriate degree of prejudice and the commission's decision is effected by an error of law or is 'clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.'" *Id.* at 25, 633 S.E.2d at 894–95 (quoting S.C.Code Ann. § 1–23–380(A)(6)(2005)). "It is not within our province to reverse findings of the [Appellate Panel] which are supported by substantial evidence." *Broughton v. South of the Border,* 336 S.C. 488, 496, 520 S.E.2d 634, 637 (Ct.App.1999). "Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached." *Rodney v. Michelin Tire Corp.,* 320 S.C. 515, 519, 466 S.E.2d 357, 359 (1996). The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. *Grant v. South Carolina Coastal Council,* 319 S.C. 348, 353, 461 S.E.2d 388, 391 (1995).

## LAW/ANALYSIS

### I. Change of condition

██ Robbins argues the circuit court erred in affirming the Appellate Panel because: (1) the undisputed evidence was that Dr. Chokshi took Robbins out of work due to his back pain in April 2004, entitling him to additional compensation; (2) the Appellate Panel erred in requiring a "significant" change in condition; and (3) the Panel's findings were not supported by substantial evidence. We disagree.

██ A claimant may seek to reopen an award under the Workers' Compensation Act if there has been a change in condition. S.C.Code Ann. § 42–17–90 (1985) (providing that, upon the motion of any party based upon a change of condition, any award may be reviewed and thereafter diminished or increased). "The purpose of this section is to enable the [Appellate Panel] to change the amount of compensation, including increasing compensation when circumstances indicate a change of condition for the worse." *Clark v. Aiken County Gov't*, 366 S.C. 102, 108, 620 S.E.2d 99, 102 (Ct.App. 2005). "A change in condition occurs when the claimant experiences a change in physical condition as a result of her original injury, occurring after the first award." *Gattis v. Murrells Inlet VFW # 10420*, 353 S.C. 100, 109, 576 S.E.2d 191, 196 (Ct.App.2003). Thus, the issue before the Appellate Panel is "sharply restricted to the question of extent of improvement or worsening of the injury on which the original award was based." *Id.*

We believe there was substantial evidence to support the denial of Robbins' claim of a change in condition. The MRI taken before Robbins' original claim for compensation showed he had degenerative disc disease at levels L1–2 and L2–3, with foraminal compression causing lumbar spine radiculopathy and lumbar stenosis. The MRI taken by Dr. Wingate after the settlement of Robbins' original claim showed that Robbins suffered from disc degeneration at L1–2 and L2–3 with loss of disc height and signal. Thus, the evidence both before and after the settlement of his claim showed the same condition. Neither Dr. Chokshi nor Dr. Wingate opined that Robbins' condition had worsened; they only noted that his pain was continuing. Robbins testified at the hearing before the single

commissioner that his pain never abated after his injury, he just failed to inform Walgreens prior to the settlement for fear of being terminated. It is irrelevant that Dr. Chokshi took Robbins out of work in April 2004 because the only evidence in the record regarding the state of Robbins' condition was that it was similar both before and after the settlement. Further, although the single commissioner's order stated that Robbins failed to prove he sustained a "significant change" in his condition, the commissioner used the correct standard in reviewing the evidence and found it did not support a finding that he suffered a "physical change of condition for the worse." Accordingly, there was substantial evidence in the record to support the finding that Robbins failed to prove a change or worsening of his condition.

## II. Additional medical treatment

Robbins argues the circuit court erred in affirming the denial of his request for additional medical treatment because it would have lessened his period of disability. We disagree.

We agree with the circuit court that Robbins failed to preserve this matter for appeal. Although he requested "additional medical examination and treatment" due to a change of condition in his post-settlement Form 50, Robbins did not argue before the single commissioner that he was entitled to continuing medical treatment after the date he reached MMI in order to lessen his period of disability. The single commissioner only ruled on Robbins' change of condition claim and did not specifically rule on the alternate claim that Robbins was entitled to continuing medical treatment in order to lessen his period of disability. Although Robbins raised the issue of his entitlement to continuing medical treatment in order to lessen his period of disability in his appeal to the Appellate Panel, Robbins only argued he was entitled to compensation for a change in condition. Because the matter was not argued before the single commissioner or the Appellate Panel, Robbins waived the matter. It is not appropriate for this court to review the issue for the first time on appeal. *City of Columbia v. Ervin*, 330 S.C. 516, 519–20, 500 S.E.2d 483, 485 (1998) (holding than an issue not argued to an intermediate appellate

court is not preserved for review in the supreme court or the court of appeals).

## CONCLUSION

There was substantial evidence in the record to support the single commissioner's and the Appellate Court's findings that Robbins failed to prove a change in condition. Further, because Robbins failed to argue that he was entitled to continuing medical treatment after MMI in order to lessen his period of disability, this issue is not preserved. Accordingly, the circuit court's order affirming the Appellate Panel is

**AFFIRMED.**

ANDERSON and HUFF, JJ., concur.