THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Wal-Mart
 Stores, Inc., Employer, and American Homes Assurance, Carrier, Appellants,
 
 
 

v.

 
 
 
 William
 Waxenfelter, Employee, Respondent.
 
 
 

Appeal From Horry County
 John L. Breeden, Circuit Court Judge

Unpublished Opinion No. 2008- UP-075
Submitted January 1, 2008  Filed February
 4, 2008

AFFIRMED

 
 
 
 Johnnie W. Baxley, III, Mount Pleasant, for Appellants.
 John S. Nichols, Bluestein, of Columbia, and Kenneth W. Harrell,
 of North Charleston, for Respondent.
 
 
 

PER CURIAM: 
 William Waxenfelter (Waxenfelter) sustained a compensable injury to his spine, legs,
 and right hip while employed at Wal-Mart.  Subsequently, Waxenfelter asserted a
 change of condition for the worse pursuant to South Carolina Code section
 42-17-90 (Supp. 2006) and was awarded temporary total disability benefits. 
 Wal-Mart and American Homes Assurance (collectively Wal-Mart) appeal this
 award, claiming Waxenfelters back infection severed the causal connection
 between his initial compensable injury and resulting worsening of condition. 
 We affirm.
FACTS
In April 2003, Waxenfelter was employed at Wal-Mart
 as the sporting goods manager.  He was injured when he bent over to move a
 dividing bar that separated a display of folding chairs, which caused a severe
 pain in his lower back and resulted in a compensable injury to his spine, legs,
 and right hip.  His claim was settled pursuant to a Form 16 settlement
 agreement.  In July 2004, Waxenfelter filed a Form 50, asserting a change of
 condition for the worse and requesting temporary total disability benefits and
 additional medical treatment.  Wal-Mart denied that Waxenfelter had sustained a
 compensable worsening of his condition.  
At
 the Form 50 hearing, Wal-Mart did not present any witnesses.  Waxenfelter
 testified on his own behalf.  Both sides submitted numerous medical reports,
 including those of orthopedists, Dr. Bauerle and Dr. Wilkins, and Waxenfelter
 also submitted the deposition testimony of orthopedist Dr. Poletti.  
 
Waxenfelter
 testified that he incurred two previous lower back injuries while employed at
 Wal-Mart, but he was able to return to work without restriction.  After the
 April 2003 injury, Waxenfelter was out of work for approximately five weeks but
 returned to full-time employment with weight-lifting restrictions.  While his
 back pain in late 2003 was low level and manageable, by May 2004, his pain
 was excruciating.  In early May 2004, Waxenfelter stated he began to
 experience severe spasms in his back.  These spasms were so hard that [he]
 went out of bed onto the floor, literally, in one motion.  From that time
 until the surgery, he testified he experienced the most horrendous pain he
 had ever known in his life, such that if the scale is one to ten [the pain]
 was off the scale.  
Dr.
 Bauerle examined Waxenfelter in April 2003 after his initial injury and noted
 Waxenfelter sustained a Workers Compensation injury with thoracolumbar
 scoliosis and multilevel degenerative disc disease.  Dr. Bauerle then referred
 Waxenfelter to Dr. Wilkins for non-surgical rehabilitation.  Dr. Wilkins examined
 Waxenfelter in April 2003 and again in May 2004 when Waxenfelter complained of
 increased lower back pain.  Based on an MRI scan in May 2004, Dr.
 Wilkins opined that Waxenfelter suffered from a large herniation to his L1-L2
 disc related to his previous workmans compensation injury.  Waxenfelter was
 subsequently hospitalized for four days in May 2004 as a result of his severe
 back pain.   
In
 June 2004, Dr. Bauerle and Dr. Poletti treated Waxenfelter for an exacerbation
 of his symptoms, but in July 2004, Waxenfelter had to undergo emergency surgery
 due to a large infection at his L1-L2 disc, which caused a complete collapse of
 the disc space.  Prior to performing the emergency surgery, Dr. Poletti noted
 Waxenfelters MRI indicated a very significant disc herniation at L1-L2 which
 is [a] new onset compared to the previous [injury].  He further stated,
 [Waxenfelter] is even worsening subjectively.  One month later, Dr. Poletti
 stated, Mr. Waxenfelter is going to be totally disabled.  He is not going to
 be capable of returning to work in the future.   
Dr.
 Poletti stated in his deposition, [Waxenfelters disc] was originally
 herniated back in . . . 2003.  It had probably been herniated for a long time
 and then got worse.  While Dr. Poletti noted he removed an epidural abscess in
 July 2004, he also stated, I cant say for certain that this was an epidural
 abscess the whole time.  And it theoretically could have been a disc herniation
 that became superinfected with an abscess.  In attempting to pinpoint the
 origin of the back infection, which precipitated the surgery, Dr. Poletti
 alternatively opined, [T]he whole scenario is just as plausible that he
 ruptured this disc and, in the process of getting treated with it, infection
 was seeded and it developed into an abscess.
When
 questioned about whether Waxenfelters spine condition had worsened since Dr.
 Poletti first examined Waxenfelter in 2003, Dr. Poletti responded, Yes. No
 question.  However, Dr. Poletti felt that he could not say with a
 reasonable degree of medical certainty whether a causal relationship existed
 between the infection causing the July 2004 surgery and the pre-existing work
 injuries.  Since that time, Waxenfelter has undergone pain management treatment
 and epidural steroid injections.  
Based
 on this evidence, the Single Commissioner found Waxenfelter sustained a
 compensable change of condition for the worse and awarded him additional
 medical treatment and temporary total disability benefits from May 8, 2004, the
 last day he was able to work, until the benefits could be properly terminated.[1] 
 Wal-Mart appealed, and the Appellate Panel affirmed the Single Commissioner. 
 Wal-Mart appealed to the circuit court, which affirmed the Appellate Panel. 
 Wal-Mart now appeals to this Court.
STANDARD
 OF REVIEW
The
 Administrative Procedures Act applies to appeals from decisions of the Workers
 Compensation Commission (the Commission).  Lark v. Bi-Lo, Inc., 276 S.C.
 130, 134-35, 276 S.E.2d 304, 306 (1981).  In an appeal from the Commission,
 neither this Court nor the circuit court may substitute its judgment for that
 of the Commission as to the weight of the evidence on questions of fact, but it
 may reverse when the decision is affected by an error of law.  Corbin v.
 Kohler Co., 351 S.C. 613, 617, 571 S.E.2d 92, 95 (Ct. App. 2002).  
 
Any
 review of the [C]ommissions factual findings is governed by the substantial
 evidence standard.  Lockridge v. Santens of Am., Inc., 344 S.C. 511,
 515, 544 S.E.2d 842, 844 (Ct. App. 2001).  Substantial evidence is not a mere
 scintilla of evidence nor evidence viewed blindly from one side of the case,
 but is evidence which, considering the record as a whole, would allow
 reasonable minds to reach the conclusion that the Commission reached or must
 have reached in order to justify its action.  Palmetto Alliance, Inc. v.
 S.C. Pub. Serv. Commn, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984).  
The
 possibility of drawing two inconsistent conclusions from the evidence does not
 prevent an administrative agencys finding from being supported by substantial
 evidence.  Lee v. Harborside Café, 350 S.C. 74, 78, 564 S.E.2d 354, 356
 (Ct. App. 2002) (internal quotations and citations omitted).  Accordingly, we
 limit review to deciding whether the Commissions decision is unsupported by
 substantial evidence or is controlled by some error of law.  Corbin, 351
 S.C. at 617, 571 S.E.2d at 95. 
LAW/ANALYSIS
Wal-Mart contends Waxenfelters spinal infection severed the causal connection between his
 initial compensable injury and his resulting worsening of condition.  We
 disagree.
Generally, an
 appeal of a workers compensation order is concerned with the conditions prior
 to and at the time of the original award of the Commission.  Causby v. Rock Hill Printing & Finishing Co., 249 S.C. 225, 228, 153 S.E.2d 697, 698-99
 (1967).  Review for a change of condition is concerned with conditions that
 have arisen after the compensable injury.  Id.  When an employee shows a
 change of condition, [T]he Commission may review an award and on that review
 may make an award ending, diminishing, or increasing the compensation
 previously awarded . . . . S.C. Code Ann. § 42-17-90 (Supp. 2006). 
A change
 of condition occurs when the employee experiences a change of physical condition
 as a result of his original injury, occurring after the first award.  Causby,
 249 S.C. at 227, 153 S.E.2d at 698.  To justify a modification of an award
 based on a change of condition, the employee must show the change of condition
 and its causal connection to the original compensable accident.  Krell v. S.C. State Highway Dept, 237 S.C. 584, 588, 118 S.E.2d 322, 323 (1961).  Every natural
 consequence which flows from the initial injury, unless the result of an
 independent intervening cause sufficient to sever the chain of causation, is
 also compensable.  Whitfield v. Daniel Constr. Co., 226 S.C. 37, 40-41,
 83 S.E.2d 460, 462 (1954).  Further, [c]ircumstantial evidence . . . need not
 reach such a degree of certainty as to exclude every reasonable or possible
 conclusion other than that reached.  Id. at 43, 83 S.E.2d at 463-64 (internal
 quotation and citation omitted).
Both sides concede Waxenfelter sustained a change of condition for the worse under section
 42-17-90.  Consequently, the issue before this Court is whether the spinal
 infection severed the causal relationship between the initial injury and
 subsequent injury to a degree that would preclude Waxenfelter from receiving
 benefits.  We find substantial evidence exists to support the Commissions award. 
 
Waxenfelter
 testified that his back injury had gradually worsened from the initial injury
 in April 2003.  His pain was low level and manageable in late 2003, but it
 was off the scale by May 2004.  Further, the medical evidence presented by
 Waxenfelter, as well as the deposition testimony of Dr. Poletti, reinforces
 that his worsening of condition was a natural progression from his initial
 compensable injury.  Dr. Poletti testified that regardless of Waxenfelters
 spinal infection, he was certain his condition had worsened since 2003.  Dr.
 Poletti also testified the abscess plausibly was a result of the work-related
 hernia, which progressively worsened over time into the abscess, or the abscess
 developed as a result of Waxenfelters medical treatment for the hernia. 
 Additionally, Dr. Wilkins opined in May 2004 that Waxenfelters disc herniation
 was related to his previous work-related injury.  Consequently, Waxenfelter
 presented substantial evidence that his worsening of condition was causally
 related to his initial injury and was not severed by his ensuing back
 infection.  In viewing the record as a whole, we find the Commissions award is
 justified. 
CONCLUSION
Accordingly, the circuit courts ruling is  
AFFIRMED.[2]
ANDERSON
 and WILLIAMS, JJ., and CURETON, AJ., concur.

[1]  The Single Commissioner did not hold Wal-Mart
 responsible for treatment costs related to Waxenfelters emergency surgery in
 July 2004, and Waxenfelter did not appeal this ruling.  
[2] We decide this case without oral arguments pursuant
 to Rule 215, SCACR.