THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Joseph Richard
 Ward, Respondent,
 v.
 The Pantry and
 Liberty Mutual Insurance Company, Appellant.
 
 
 

Appeal From Richland County
 L. Casey Manning, Circuit Court Judge
Unpublished Opinion No.  2009-UP-076
Submitted February 2, 2009  Filed
 February 11, 2009
AFFIRMED

 
 
 
 Pope D. Johnson, III, of Columbia, for Appellant.
 Stephen B. Samuels, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The Pantry and Liberty Mutual Insurance
 Company (collectively the Carrier) appeal the circuit courts affirmance of the
 Appellate Panel of the South Carolina Workers' Compensation Commissions order
 (Appellate Panel) finding Joseph Ward suffered from a compensable change in
 condition resulting from a work related injury to his back.  We affirm.[1]  
On
 appeal, the Carrier contends the single commissioner erred in finding Ward
 suffered a compensable change in condition resulting from his original work
 injury.
We
 agree with Ward that evidence supports the single commissioner's conclusion
 that he suffered from a compensable change in condition.  The decisions of the Appellate
 Panel must be affirmed if the factual findings are supported by substantial
 evidence in the record.  Hill v. Eagle Motor Lines, 373 S.C. 422, 436,
 645 S.E.2d 424, 431 (2007).  "Substantial evidence is that evidence which,
 in considering the record as a whole, would allow reasonable minds to reach the
 conclusion the Commission reached."  Id.  "A claimant may seek
 to reopen an award under the Workers' Compensation Act if there has been a
 change in condition."  Robbins v. Walgreens and Broadspire Serv., Inc.,
 375 S.C. 259, 265, 652 S.E.2d 90, 93 (Ct. App. 2007).  "A change in
 condition occurs when the claimant experiences a change in physical condition
 as a result of her original injury, occurring after the first award."  Id.  
In the case at bar,
 the single commissioner properly found Ward suffered from a compensable change
 in condition resulting from his original work injury.  Substantial evidence in
 the record supports the single commissioner's conclusion.  The Carrier
 specifically asked Dr. Johnson in his first deposition if he could offer any
 opinion as to the cause of Wards deteriorating back condition, and Johnson
 stated if the results of the 2005 MRI showed a worsening of the disc problem in
 L3-4, then it would be a continuation of Wards work injury shown in the 2001
 MRI.  The results of the 2005 MRI after the first deposition confirmed Ward
 suffered a worsening of the disc problem in L3-4.  Johnsons testimony in the
 first deposition, combined with the results of the 2005 MRI in the record,
 strongly supports the inference that Ward's worsening back condition was
 causally connected to his original work injury.  Accordingly, the single
 commissioner correctly concluded Ward suffered from a compensable change in
 condition, and the Appellate Panel and circuit court correctly affirmed the
 single commissioners order.
AFFIRMED.
SHORT,
 THOMAS, and GEATHERS, JJ., concur.  

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.