THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Rawley Edmund
 DeBoe, Respondent,
 
 
 

v.

 
 
 
 BK Industries,
 Employer, and Indemnity Insurance Company of America, Carrier, Appellants.
 
 
 

Appeal From the Appellate Panel 
 South Carolina Workers' Compensation
Commission

Unpublished Opinion No.  2012-UP-326
Submitted May 1, 2012 – Filed May 30, 2012

AFFIRMED

 
 
 
 Russell T. Infinger and Kirsten E. Small, both
 of Greenville, for Appellants.
 Alan R. Cochran, of Greenville; and Ben C.
 Harrison and Jeremy A. Dantin, both of Spartanburg, for Respondent.
 
 
 

PER CURIAM: BK Industries
 (Employer) appeals the order of the Appellate Panel of the South Carolina
 Workers' Compensation Commission (Appellate Panel) awarding Rawley Edmund DeBoe
 (Employee) temporary total disability benefits for a change in condition to his
 work-related injury.  On appeal, Employer argues the Appellate Panel erred in
 (1) finding Employee suffered from a change in condition to his work-related
 injury and (2) denying Employer's motion to keep the record open. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1. As to whether the Appellate Panel
 erred in finding Employee suffered from a
 change in condition to his work-related injury: S.C. Code Ann. § 42-17-90(A) (Supp. 2011) (providing a claimant's
 workers' compensation award may be modified by the Appellate Panel "on
 proof by a preponderance of the evidence that there has been a change of
 condition caused by the original injury"); Clark v. Aiken Cnty. Gov't,
 366 S.C. 102, 111, 620 S.E.2d 99, 103 (Ct. App. 2005) ("The determination
 of whether a claimant experiences a change of condition is a question for the
 fact finder. We must therefore affirm if substantial evidence supports the
 [Appellate Panel's] finding." (citation and quotation marks omitted)); Robbins
 v. Walgreens & Broadspire Servs., Inc., 375 S.C. 259, 265, 652 S.E.2d
 90, 93-94 (Ct. App. 2007) ("A change in condition occurs when the claimant
 experiences a change in physical condition as a result of her original injury,
 occurring after the first award.  Thus, the issue before the Appellate Panel is
 sharply restricted to the question of extent of improvement or worsening of the
 injury on which the original award was based." (citation and quotation
 marks omitted)).
2. As to whether the Appellate Panel
 erred in denying Employer's motion to keep the record open: S.C. Code Ann. Regs. 67–613(B) (Supp. 2011) (providing
 the Appellate Panel has the authority to postpone a scheduled hearing in a
 workers' compensation matter for "good cause," which includes such
 reasons as the need for additional discovery); Trotter v. Trane Coil
 Facility, 393 S.C. 637, 645, 714 S.E.2d 289, 293 (2011) ("The granting
 or refusal of a request for a continuance rests in the sound discretion of the [Appellate
 Panel], whose ruling will not be disturbed unless a clear abuse of discretion
 is shown.  For appellate purposes, an abuse of discretion occurs where the
 ruling is based on an error of law or, where the ruling is grounded upon
 factual findings, is without evidentiary support. . . .  Where a party is not
 prejudiced by the denial of a motion for a continuance, reversal is not
 required." (citations omitted)).  
AFFIRMED.
WILLIAMS, THOMAS, and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.