**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Oscar Hickman, Appellant,

v.

City of Myrtle Beach, Employer, and Companion Property & Casualty Group, Carrier, Respondents.

Appellate Case No. 2013-000564

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2014-UP-211
Heard April 15, 2014 – Filed June 4, 2014

———————

**AFFIRMED**

———————

Gene McCain Connell, Jr., of Kelaher, Connell & Connor, PC, of Surfside Beach, for Appellant.

Stanford Ernest Lacy, of Collins & Lacy, PC, of Columbia, for Respondents.

———————

**PER CURIAM:**  Oscar Hickman filed this workers' compensation action against City of Myrtle Beach and Companion Property & Casualty Group, seeking benefits for a change of condition.  The Workers' Compensation Commission (the

Commission) affirmed the Single Commissioner, finding Hickman did not suffer a compensable change of condition.  Hickman appeals, arguing the Commission erred in failing to: (1) liberally construe the Workers' Compensation Act (the Act); (2) find he suffered a compensable change of condition; and (3) find back surgery would lessen his period of disability.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Hickman's argument the Commission erred in failing to liberally construe the Act, we find the Commission properly construed the applicable provisions of the Act in this case.  *See Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 503 (2012) (stating "the guiding principle undergirding our workers' compensation system that the Act is to be liberally construed in favor of the claimant"); *Bass v. Isochem*, 365 S.C. 454, 469, 617 S.E.2d 369, 377 (Ct. App. 2005) ("All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute."); *see also Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 117, 580 S.E.2d 100, 109 (2003) (explaining the appellate courts may not extend the Act by providing a more liberal rule of compensation than that which the legislature has intended).

2.      As to Hickman's argument the Commission erred in failing to find he suffered a compensable change of condition, we find no reversible error by the Commission.  *See* S.C. Code Ann. § 42-17-90(A) (Supp. 2013) (permitting the review of a previous compensation award "on proof by a preponderance of the evidence that there has been a change of condition caused by the original injury, after the last payment of compensation"); *Causby v. Rock Hill Printing & Finishing Co.*, 249 S.C. 225, 227, 153 S.E.2d 697, 698 (1967) (explaining the Act defines a change of condition in a compensation claim as "a change in the claimant's physical condition as a result of the original injury, occurring after the first award"); *Krell v. S.C. State Highway Dep't*, 237 S.C. 584, 588, 118 S.E.2d 322, 323–24 (1961) (acknowledging the determination of whether a claimant experiences a change of condition is a question for the Commission (citations and quotation marks omitted)); *Robbins v. Walgreens & Broadspire Servs., Inc.*, 375 S.C. 259, 265–66, 652 S.E.2d 90, 94 (Ct. App. 2007) (affirming the Commission's denial of a claim for change of condition where medical tests performed both before and after the settlement of the claim showed the same condition despite claimant's continuing pain).

3.     As to Hickman's argument the Commission erred in failing to find back surgery would lessen his period of disability, we find the Commission properly denied benefits.  *See* S.C. Code Ann. § 42-15-60(A) (Supp. 2013) (requiring employer to provide medical treatment "as in the judgment of the [C]ommission will tend to lessen the period of disability as evidenced by expert medical evidence stated to a reasonable degree of medical certainty"); *Dodge v. Bruccoli, Clark, Layman, Inc.*, 334 S.C. 574, 581, 514 S.E.2d 593, 597 (Ct. App. 1999) (holding the Commission may require additional medical care and treatment even if the claimaint has reached maximum medical improved if such treatment would tend to lessen the period of disability); *see generally Lee v. Harborside Cafe*, 350 S.C. 74, 81–82, 564 S.E.2d 354, 358 (Ct. App. 2002) (applying substantial evidence standard of review to the Commission's finding regarding whether additional medical care or treatment would tend to lessen the period of disability under *Dodge*).

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**