**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randy Jordan, Employee, Respondent,

v.

S.C. Department of Transportation, Employer, and State Accident Fund, Carrier, Appellants.

Appellate Case No. 2022-000409

———————————

Appeal From The Workers' Compensation Commission

———————————

Unpublished Opinion No. 2024-UP-088
Submitted March 12, 2024 – Filed March 20, 2024

———————————

**AFFIRMED**

———————————

Timothy Blair Killen, of Holder, Padgett, Littlejohn & Prickett, LLC, of Mt. Pleasant, for Appellants.

Stephen J. Wukela, of Wukela Law Office, of Florence, for Respondent.

———————————

**PER CURIAM:** S.C. Department of Transportation, Employer, and State Accident Fund, Carrier, appeal the decision of the Appellate Panel of the Workers' Compensation Commission. On appeal, Appellants argue the Appellate Panel erred by (1) finding Claimant established a change of condition and (2) failing to find evidence Claimant improperly delayed the adjudication of his change of

condition claim by withdrawing his request for a hearing in the hopes that evidence would later develop to support a change of condition claim. We affirm pursuant to Rule 220(b), SCACR.

We hold substantial evidence supports the Appellate Panel's finding that Jordan established a change of condition. *See Mungo v. Rental Unif. Serv. of Florence, Inc.*, 383 S.C. 270, 279, 678 S.E.2d 825, 829-30 (Ct. App. 2009) ("The Appellate Panel is the ultimate fact finder in workers' compensation cases, and if its findings are supported by substantial evidence, it is not within our province to reverse those findings."). Jordan presented evidence from Dr. Jason B. O'Dell, who testified during his deposition that he believed Jordan's ankle pain since he last saw Dr. Jeffery Daily in June 2017 "would have to have been worse for [Jordan] to seek treatment with him." The follow-up question asked whether Jordan indicated to Dr. O'Dell that his symptoms were worse, and Dr. O'Dell responded, "[H]e told me that . . . ." and later opined that Jordan's ankle condition worsened after being released by Dr. Daily. We note that Dr. O'Dell's testimony is uncontradicted. *See Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 23, 716 S.E.2d 123, 126 (Ct. App. 2011) (permitting the Commission to disregard medical evidence only when other competent evidence exists in the record). Accordingly, we hold substantial evidence supports Jordan established a change of condition.

Moreover, we hold substantial evidence supports the Appellate Panel's finding that Jordan did not improperly delay the adjudication of his change of condition claim. *See Shealy v. Aiken County*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("In workers' compensation cases, the [ ] Commission is the ultimate fact finder."); *Robbins v. Walgreens & Broadspire Servs., Inc.*, 375 S.C. 259, 264, 652 S.E.2d 90, 93 (Ct. App. 2007) ("The Appellate Panel is specifically reserved the task of assessing the credibility of the witnesses and the weight to be accorded evidence."); *Therrell v. Jerry's Inc.*, 370 S.C. 22, 25, 633 S.E.2d 893, 894 (2006) (explaining an appellate court "will not substitute its judgment for that of the [C]ommission as to the weight of the evidence on questions of fact"); *Robbins*, 375 S.C. at 264, 652 S.E.2d at 93 ("[T]his Court may reverse or modify the [Appellate Panel's] decision if Petitioner has suffered the appropriate degree of prejudice and the commission's decision is effected by an error of law or is 'clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.'" (quoting *Therrell*, 370 S.C. at 25, 633 S.E.2d at 894-95) (first alteration in original)); *id.* ("It is not within our province to reverse findings of the [Appellate Panel] which are supported by substantial evidence." (quoting *Broughton v. South of the Border*, 336 S.C. 488, 496, 520 S.E.2d 634, 637 (Ct. App. 1999) (alteration in original))); *id.* ("Substantial evidence is evidence which, considering the record

as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached." (quoting *Rodney v. Michelin Tire Corp.*, 320 S.C. 515, 519, 466 S.E.2d 357, 359 (1996))).

First, we note Jordan timely filed a Form 50, initiating a change of condition claim prior to the expiration of the one-year deadline as required by section 42-17-90(A) of the South Carolina Code (2015) and the single commissioner's September 18, 2018 order.  Although Jordan later withdrew his request for a hearing on September 30, 2019, he explained he was doing so "pending additional discovery." The Appellate Panel's ruling that Jordan did not improperly delay the adjudication of his claim by withdrawing his request for a hearing is supported by Dr. O'Dell's progress notes, which indicated an increase in pain between Jordan's visit in July 2019, when he received an injection to treat his ankle pain—the only area of pain complained of at the time—and November 21, 2019, when he appeared for his follow-up visit.  Additionally, the November progress notes included a notation that Jordan reported "having a lot of pain in his other hip near the SI joint . . . [and] difficulty walking at time[s]."  Further supporting the ruling is Dr. O'Dell's deposition, in which O'Dell opined that Jordan's chronic ankle injury is what led to the worsening of his back.  Based on the foregoing, there is evidence to support that not only did Jordan's pain and affected areas change for the worse during the year following the date of the last payment of compensation, but that his condition continued to worsen between the time Jordan filed his Form 50 and when he withdrew his request for a hearing.  *See Robbins*, 375 S.C. at 264, 652 S.E.2d at 93 ("The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.").

Second, as discussed in *Tucker v. South Carolina Department of Transportation*, if an employer suspects the Claimant of improper efforts, "and the commission does nothing to move the claim toward resolution, the employer may request a hearing or in some other fashion seek to protect its interests."  427 S.C. 299, 304, 831 S.E.2d 426, 428 (2019).  Here, Appellants made no effort to request a hearing or to hasten the determination of the claim for change of condition.

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.