15317

WALLACE v. CAMPBELL LIMESTONE CO. *ET AL.*

(17 S. E. (2d), 309)

*Messrs. Osborne, Butler & More,* of Spartanburg, for appellants,

*Messrs. Wolfe & Forte,* of Gaffney, for respondent,

October 29, 1941.

The opinion of the Court was delivered by Mr. Associate Justice Stukes.

The respondent was injured in the course of his employment in 1936 and was awarded workmen's compensation including his medical and hospital expenses, temporary total disability benefits, and for specific loss of twenty per cent. of the use of his left leg (permanent partial disability), five dollars per week for thirty-five weeks, the last payment

thereof having been made on June 7, 1937. Upon a letter dated June 15, 1940, from his counsel to the Industrial Commission claiming for the first time the right to an additional award for disfigurement, hearing was had and the hearing commissioner and the commission, upon review, denied further compensation upon the ground that such was barred by the terms of Section 24, 39 St. at Large, p. 1244, "and elsewhere of the Act." Respondent had executed about June 7, 1937, witnessed by his attorney, a document entitled "Final Compensation Settlement Receipt," also called in the findings of the commissioner a "Final Receipt."

Upon appeal to the Circuit Court, the commission's action was reversed and the case was remanded for the purpose of an additional award for serious bodily disfigurement. The appeal to this Court is upon very numerous exceptions which raise the question, *inter multa alia,* the answer to which will control the decision, to wit: Can the commission make an award in this case for disfigurement after so long a lapse of time?

The respondent sets forth in argument, too narrowly we think, the following as the issue to be determined: "Must the claimant's application for an award for serious bodily disfigurement under the proviso of Section 31, sub-section (t), be denied for the reason that said application was not made till after a year following the date of the accident?"

The time elements involved are well stated in the findings of the hearing commissioner, affirmed on appeal by the commission, as follows: "By the evidence it is very plain that more than three years had elapsed from the Final Compensation Settlement Receipt before any claim was made by the plaintiff or his counsel, making a total of four years, one month and twenty-four days from the date of injury."

We deal first with the separate appeal of the appellants from the order of the trial Judge settling the Transcript of Record for the main appeal. The respondent proposed a substituted "statement" which was allowed by the Court in lieu of the statement proffered by the appellants. There are

several exceptions and objections to the statement incorporated in the Transcript by the order of the Court, but the most serious is that the following quoted statement at the end is not warranted by the record: "The sole issue involved is whether or not an award for serious bodily disfigurement, in the circumstances set out in the record, is barred under Section 24(a) of the Workmen's Compensation Act."

The contents of the "statement" in a Transcript of Record are specified in Section 3 of Rule 4 of this Court. It is not contemplated that they shall include a disputed statement of the issues involved. The record discloses that at the hearings the appellants had *in haec verbis* pleaded the "Statute of Limitations," and we do not think anything which counsel for appellants did or said can be properly held to confine their contention to Section 24(a) of the Act.

It appears that no formal claim for benefits in conformity with this section was filed with the commission, but the latter took jurisdiction within the stipulated period and made the above-mentioned award which was paid, under which circumstances it is unimportant whether a formal claim was filed if the parties appeared or were duly represented by counsel and made no point of it. *King v. Wesner*, 198 S. C., 49, 16 S. E. (2d), 289.

It should be remembered in the first place that proceedings before the commission may be summary and informal. *King v. Wesner, supra.* In the second place the present appellants were respondents before the commission, on review of the findings of the hearing commissioner, and before the Circuit Court on appeal by claimant from the findings of the commission. And it was not necessary for the present appellants to submit additional sustaining grounds for the formal decisions favorable to them. *Phillips v. Western Union Telegraph Co.,* 194 S. C., 317, 9 S. E. (2d), 736, 129 A. L. R., 397. In the third place, it is repeated that the holding of the commission that the claim for disfigurement is barred was based upon the terms of the

act generàlly, "Section 24 and elsewhere." We have not attempted to state these considerations in the order of their importance; indeed we think that in this case any one of them is sufficient to entitle appellants to the benefit of any limitations occurring in the Act and they are not limited in their position to Section 24.

For the foregoing reasons appellants' exceptions to the order settling the Transcript are sustained. It may be said that full consideration has been given the entire record and the main appeal will be disposed of thereon.

The "Final Compensation Settlement Receipt" referred to above, executed by the claimant and witnessed by his counsel about June 7, 1937, recites that it was "in full settlement and satisfaction of all claims for compensation, subject to review as provided by law, on account of injuries suffered * * * about the 22nd day of April, 1936, while in the employ of Campbell Limestone Company." See *Cole v. State Highway Department,* 190 S. C., 142, 2 S. E. (2d), 490.

The "review as provided by law" is found in Section 46 of the Act which plainly provides that "no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this Act." We think that the conclusiveness of this provision is inescapable; as seen above, more than three years elapsed between the last payment of compensation under the award and counsel's letter which was the first claim of award for bodily disfigurement. The learned Circuit Judge cited to the contrary the case of *Continental Casualty Company v. Industrial Commission,* 1932, 79 Utah, 532, 11 P. (2d), 329. Reference to that case, complicated by the fact that the claimant suffered a series of three accidents while engaged in the service of different employers with different insurance carriers, shows that the first award for temporary total disability contained a provision that if permanent partial disability resulted, compensation should be paid as provided by law. The sole question was as to permanent partial disability,

not disfigurement as here, and in the instant case, as has been pointed out, compensation for permanent partial disability was awarded and long since paid.

On the other hand we find that the North Carolina Court has construed practically identical language of the Compensation Law of that state, also their Section 46, as it seems necessary to us that our Act be construed. In the case of *Lee v. Rose's 5-10-25 Cent Stores,* 1933, 205 N. C., 310, 171 S. E., 87, it appears that the claimant was paid compensation for an injury, last on July 19, 1930, and filed a notice with the Industrial Commission on May 2, 1932, of a recurrence of the disability. Section 46 was cited, that "No such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this chapter." The claim was dismissed with this comment of the Court: "The Statute is plain and unambiguous, and no reason occurs why it should not be enforced according to the plain provisions." To the same effect is 71 C. J., 1473, § 1475: "An application for increase, diminution, termination, or reinstatement of compensation will be barred where not made promptly and within the time limited by Statute."

There comes to mind the adage that "hard cases sometimes make bad law." This is a hard case to decide against the respondent, particularly in view of this Court's liberal construction toward employees of the Compensation Act. *Layton v. Hammond-Brown-Jennings Company,* 190 S. C., 425, 3 S. E. (2d), 492. He suffered a fracture of his leg which recovery left shortened and he is a laborer. Thus in addition to the compensation payments which he received, he may well have been entitled to an award of some amount for disfigurement had timely application to the commission been made. *Hamilton v. Little,* 197 S. C., 434, 15 S. E. (2d), 662.

But effect must be given to the limitations written in the Act and the wisdom of them is manifest when reflection is had upon the difficulties which would be

faced by employers and their insurance carriers in resisting long delayed demands. We quote from the opinion in *Rudd v. Fairforest,* 189 S. C., 188, 200 S. E., 727, 730: "While we should give the Compensation Act a liberal construction, we are not justified in so construing it as to do violence to a specific requirement of the Act." And from 37 C. J., 168, in its discussion of limitations of actions: "Such Statutes apply with full force to the most meritorious claims."

Furthermore, it may be added that the record clearly indicates that respondent and his counsel did not intend to make the additional claim for disfigurement at the time of the hearing on December 18, 1936. It was cited in the award that temporary total disability had been granted on August 3rd, previously at the compensation rate of five dollars per week, and that the purpose of the hearing was to determine the date of termination of total disability and the percentage of permanent disability. An agreement signed by the parties was introduced wherein it was stated in substance that the employee was able to return to work at a weekly wage of $7.50 on October 29, 1936 (on which date his total disability ceased), and that he had suffered a permanent disability of his leg of twenty per cent. for which it was agreed that he would be paid five dollars weekly for thirty-five weeks. Concerning this the record contains the following: "*   *   *   (the) attorney for plaintiff stated that he accepted the agreement and would abide by the terms as stated   *   *   * ." Award was made accordingly, payment thereof completed and respondent's receipt above mentioned signed in the presence of his counsel and delivered, all more than three years prior to the present contention, which latter we hold came too late.

We are of opinion that the order below should be, and it is, reversed.

MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE and MESSRS. ACTING ASSOCIATE JUSTICES L. D. LIDE and A. L. GASTON concur.