730 S.E.2d 324

**CAROLINAS RECYCLING GROUP and Employers Insurance Company of Wausau, Carrier, Appellants,**

v.

**SOUTH CAROLINA SECOND INJURY FUND, Respondent.**

No. 4987.

Court of Appeals of South Carolina.

Heard Feb. 29, 2012.
Decided June 13, 2012.

Michael E. Chase and Carmelo B. Sammataro, of Turner Padget Graham & Laney, PA, of Columbia, for Appellants.

Latonya D. Edwards, of Dilligard Edwards, LLC, of Columbia, for Respondent.

WILLIAMS, J.

In this workers' compensation action, the Carolinas Recycling Group and Employers Insurance Company of Wausau (collectively, Carrier) appeal from the circuit court's order affirming the appellate panel of the Workers' Compensation Commission's (Appellate Panel) order finding Carrier was not entitled to partial reimbursement from the South Carolina Second Injury Fund (the Fund) for substantially increased medical expenses paid to Willie Sligh (Claimant). We reverse.

**FACTS/PROCEDURAL HISTORY**

On January 12, 2001, Claimant sustained a work-related injury while attempting to remove recyclable materials from a truck and was subsequently diagnosed with a lumbar contusion and sprain (the January 2001 injury). Claimant was released to full-time work with no restrictions, effective May 5, 2001, but he still continued to experience pain. In May 2002, Claimant was assigned a 9% lumbar spine impairment rating by Dr. Ross Lynch of Midlands Orthopaedics. On September 25, 2002, at the request of the previous insurance carrier, Claimant went to Dr. William Felmly of the Moore Orthopaedic Clinic for a second opinion. Dr. Felmly's medical report indicated Claimant's pain did not occur daily, lasted for approximately ten to fifteen minutes when it did occur, did not

restrict him on the job, and did not pose any other limitations. Dr. Felmly opined there was no "evidence [ ] to suggest anything that would support an impairment of 8 to 10% of the lumbar spine in this gentleman's function" and noted Claimant reached maximum medical improvement (MMI) from the January 2001 injury. Dr. Felmly cleared Claimant to return to regular duty work and noted he did not observe "any gross clinical evidence" to suggest difficulties or to require an impairment rating.

Claimant sustained another, non-work related lumbar strain in October 2002 after he stood up from a bent position (the October 2002 injury). After the October 2002 injury, Claimant's lumbar spine MRI showed "mild anterior spondylitic changes" at L2–3. On December 30, 2003, Dr. Leonard Forrest of the Southeastern Spine Institute performed an independent medical evaluation and assigned a minimum 15% permanent lumbar spine impairment. Dr. Forrest opined the disc bulges at L4–5 and L5–S 1 were likely caused by the January 2001 injury.

On June 28, 2004, Claimant sustained a second work-related injury when the truck he was driving overturned (the June 2004 injury). Following the accident, Claimant was admitted to the Regional Medical Center where he was diagnosed with an anterior compression fracture at L–4. As a follow-up, Claimant visited Southeastern Spine Institute where he was treated by Dr. Steven Poletti. Dr. Poletti determined that as a result of the January 2001 accident, Claimant sustained ruptured and/or bulging discs at L4–5 and L5–S 1. Dr. Poletti subsequently assigned Claimant a 10% impairment rating.

The orders of the single commissioner and the Appellate Panel both found Claimant's June 2004 injury to his back was caused by the truck accident alone, and his preexisting condition was not aggravated by or combined with the June 2004 injury to create substantially greater medical costs and disability. In a form order, the circuit court affirmed the Appellate Panel in full. This appeal followed.

**STANDARD OF REVIEW**

The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions by the Appellate Panel of the Workers' Compensation Com-

mission. *Fredrick v. Wellman, Inc.,* 385 S.C. 8, 15–16, 682 S.E.2d 516, 519 (Ct.App.2009); *see Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). Under the scope of review established in the APA, this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse or modify the Appellate Panel's decision if the appellant's substantial rights have been prejudiced because the decision is affected by an error of law or is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." *See* S.C.Code Ann. § 1–23–380(5)(e) (Supp.2010); *Stone v. Traylor Bros., Inc.,* 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App.2004). Our supreme court has defined substantial evidence as evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion the Appellate Panel reached. *Lark,* 276 S.C. at 135, 276 S.E.2d at 306. "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n,* 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984).

## LAW/ANALYSIS

■ On appeal, Carrier argues the circuit court erred in affirming the Appellate Panel's findings of fact and conclusions of law by holding it is not entitled to reimbursement from the Fund. Specifically, Carrier contends the Appellate Panel's decision is not supported by substantial evidence. We agree.

The legislative purpose of the Fund is to "encourage the employment of disabled or handicapped persons without penalizing an employer with greater liability if the employee is injured because of his preexisting condition." *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund,* 318 S.C. 516, 518, 458 S.E.2d 550, 551 (1995). Reimbursement from the Fund is controlled by section 42–9–400 of the South Carolina Code (1985 & Supp.2005), which provides in pertinent part:

(a) If an employee who has a permanent physical impairment ... incurs a subsequent disability from injury by accident arising out of and in the course of his employment, resulting in compensation and medical payments liability or either, for disability that is substantially greater, *by reason*

*of the combined effects of the preexisting impairment and subsequent injury or by reason of the aggravation of the preexisting impairment,* than that which would have resulted from the subsequent injury alone, ... such employer or his insurance carrier shall be reimbursed from the Second Injury Fund as created by [S.C.Code Ann. § ] 42–7–310 for compensation and medical benefits....

. . . .

(d) As used in this section, "permanent physical impairment" means any permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed.[1]

S.C.Code Ann. § 42–9–400 (1985 & Supp.2005) (emphasis added).

The Appellate Panel found, *inter alia,* (1) Claimant had a back injury and arthritis prior to his June 2004 injury, (2) Claimant's preexisting condition was a hindrance to employment, (3) the June 2004 injury did not combine with or aggravate the preexisting condition so as to increase the disability or medical costs, and (4) the Carrier failed to meet its burden of establishing all necessary elements for partial reimbursement pursuant to section 42–9–400.

The central issue is whether substantial evidence supports the Appellate Panel's finding that Claimant's June 2004 injury did not combine with or aggravate his preexisting condition. We conclude the only reasonable inference to be drawn from the substantial evidence in the record is that Claimant's preexisting condition was a hindrance to his employment and that he sustained a subsequent work-related injury that combined with or aggravated the preexisting condition to cause "substantially greater" disability and medical costs than would have been caused by the subsequent injury alone. According-

---

1. Section 42–9–400(a) was later amended to refer to a "disability that is substantially greater *and* is caused by aggravation of the preexisting impairment than that which would have resulted from the subsequent injury alone," and it has omitted the "combined effects" language. Act No. 111, Pt. II, § 3, 2007 S.C. Acts 599 (emphasis added). However, this change is applicable only to injuries that occur on or after July 1, 2007, and the parties do not argue the new version applies here.

ly, we find the Appellate Panel's findings of fact and conclusions of law are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

In deciding that the June 2004 injury did not combine with or aggravate the preexisting condition from his January 2001 injury, the Appellate Panel relied exclusively upon an evaluation by a non-treating physician who only met with the Claimant on one occasion. Dr. Felmly's September 2002 evaluation opined Claimant has a normal functioning lumbar spine and that there was no "clinical evidence" to support an impairment rating following Claimant's January 2001 injury. However, it is important to note Dr. Felmly never treated Claimant following his October 2002 or June 2004 injury to assess his condition or opine whether either of his two preexisting conditions combined with or exacerbated the June 2004 injury. Moreover, the Fund failed to present any expert testimony from a physician who evaluated the Claimant after his October 2002 or June 2004 injuries to discredit the overwhelming medical testimony and evidence Carrier presented to the Appellate Panel. Therefore, we find the Appellate Panel's decision is not supported by substantial evidence. *See Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached.").

The record is, however, replete with expert medical testimony concluding Claimant's preexisting condition combined with or aggravated his subsequent injury to cause "substantially greater" disability than would have been caused by the June 2004 injury alone.

Carrier presented the evaluations of several physicians who treated Claimant after the January 2001, October 2002, and June 2004 injuries. Moreover, these evaluations were accompanied by diagnostic imaging supporting their respective medical opinions. Carrier submitted Dr. Lynch's evaluation, which assigned a 9% impairment rating to Claimant's back in May 2002 as a result of Claimant's January 2001 injury. In addition, Carrier presented the report of Dr. Forrest who

assigned a minimum 15% permanent impairment rating to Claimant's lumbar spine following his October 2002 injury and stated Claimant's disc bulges were "likely caused" by the January 2001 injury. Dr. Forrest's assessment was confirmed by a subsequent MRI, which revealed "degenerative changes at L2–3 which, at a minimum, was aggravated by that [January 21, 2001] incident." Finally, Carrier highlights Dr. Poletti's medical reports linking the injuries from the two work-related accidents and concluded "that [the] compression fracture *combined with the degenerative pre-existing changes* at the L4, L5 level *made the impairment and disability from the compression fracture worse than they would have been if he didn't have his degenerative changes from his pre-existing back injury.*" (emphasis added). Additionally, Dr. Poletti noted the impairment and medical costs related to the June 2004 accident were substantially higher because of Claimant's preexisting condition. In sum, the only reasonable conclusion to be drawn from the substantial evidence in the record is that Carrier is entitled to partial reimbursement from the Fund. *See Liberty Mut. Ins. Co. v. S.C. Second Injury Fund,* 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct.App.2005) (holding an appellate court can reverse or modify the Appellate Panel's decision if the decision is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record").

## CONCLUSION

When the entire record is reviewed and considered, we hold the circuit court's order affirming the Appellate Panel's order finding Carrier was not entitled to partial reimbursement from the Fund was not based upon reliable, probative, and substantial evidence and was, therefore, clearly erroneous. Accordingly, the order of the circuit court is

**REVERSED.**

THOMAS and LOCKEMY, JJ., concur.