782 S.E.2d 753

**Paula RUSSELL, Appellant,**

v.

**WAL–MART STORES, INC., and American Home Assurance, Respondents.**

Appellate Case No. 2014–000454.
No. 5376.

Court of Appeals of South Carolina.

Heard Oct. 20, 2015.
Decided Jan. 20, 2016.
Rehearing Denied March 24, 2016.

396

C. Daniel Vega, of Chappell Smith & Arden, of Columbia, and William Ashley Jordan, III, of Jordan Law Center, LLC, of Greenville, both for appellant.

Johnnie W. Baxley, III, of Willson Jones Carter & Baxley, P.A., of Mount Pleasant, for respondents.

## REVERSED AND REMANDED

SHORT, J.

In this workers' compensation action against Wal–Mart Stores, Inc. and American Home Assurance (Wal–Mart), Paula Russell appeals, arguing the South Carolina Workers' Com-

pensation Commission erred in (1) requiring a change of condition to be established by objective evidence; (2) ruling substantial evidence existed to deny a change of condition; and (3) finding Russell's statements were self-serving and conclusory. We reverse and remand.

## BACKGROUND FACTS

In 2009, Russell was employed by Wal–Mart as an assistant store manager and had been an employee for more than ten years. On November 3, 2009, she was lifting something in the course of her employment and hurt her back and pelvis. Because she was pregnant at the time, her treatment did not include diagnostic testing and was very conservative. After her pregnancy, she had an MRI scan and was treated with medication, exercises, and an injection. At the time, her treating doctor, Dr. James O. Merritt, IV, determined no surgery was required.

Russell continued to work at Wal–Mart with a heavy-lifting (over thirty pounds) restriction. The medical records indicated Russell was diagnosed with back strain and had degenerative disc disease at L5–S1. By single commissioner order filed June 8, 2011, Russell was found to have reached maximum medical improvement (MMI) on February 2, 2011, and was awarded seven percent permanent partial disability. The award also provided for "ongoing anti-inflammatory medication . . . as long as such medication is causally related to her work accident and tends to lessen her period of disability."

On December 9, 2011, Russell filed a Form 50, alleging a change of condition for the worse to her back requiring additional medical treatment, including surgery. After a hearing on February 11, 2013, the single commissioner noted Russell testified she experienced new symptoms, including pain radiating down into her legs and shaking; she found her hour-long drive to and from work difficult; she requested to be transferred to a Wal–Mart closer to home; and in December 2011, Wal–Mart fired her rather than honoring her request. Finding Russell's testimony to be credible and relying on the testimony of Drs. Merritt and William S. Edwards, the commissioner found Russell suffered a change of condition and ordered Wal–Mart to provide medical care and temporary total disability benefits.

After a hearing, the full commission (the Commission) reversed the single commissioner. The Commission gave "limited weight to the testimony of [Russell] as it is conclusory and self-serving." The Commission found Russell was unable to establish (1) she suffered any new complaints; (2) when her condition worsened; and (3) that her need for surgery was new or occurred after the original award.

Although the Commission stated it gave "more weight to the medical records, the diagnostic tests, and the testimony of the medical experts[,]" the Commission concluded, "[t]he preponderance of the evidence indicates that there was no objective difference between the Claimant's MRI scan after the original award and the MRI scan before the original award." Thus, the Commission denied Russell's claim for additional benefits. This appeal followed.

**STANDARD OF REVIEW**

The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions by the Commission. *Carolinas Recycling Grp. v. S.C. Second Injury Fund,* 398 S.C. 480, 482, 730 S.E.2d 324, 326 (Ct.App.2012). Under the scope of review established in the APA, this court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse or modify the Commission's decision if the appellant's substantial rights have been prejudiced because the decision is affected by an error of law or is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." *See* S.C.Code Ann. § 1–23–380(5)(e) (Supp.2015).

**LAW/ANALYSIS**

**I. Objective Evidence**

■ Russell argues the Commission erred in requiring a change of condition to be established by objective evidence. We agree.

■ Section 42–17–90(A) of the South Carolina Code permits the review of a previous compensation award "on proof by a preponderance of the evidence that there has been a change of condition caused by the original injury, after the last payment of compensation." S.C.Code Ann. § 42–17–90(A)

(2015). "A change in condition occurs when the claimant experiences a change in physical condition as a result of her original injury, occurring after the first award." *Gattis v. Murrells Inlet VFW* No. 10420, 353 S.C. 100, 109, 576 S.E.2d 191, 196 (Ct.App.2003). "Generally, an appeal of a workers' compensation order is concerned with the conditions prior to and at the time of the original award of the commission. Review for a change of condition is concerned with conditions that have arisen thereafter." *Id.* at 109, 576 S.E.2d at 195 (citation omitted). "The determination of whether a claimant experiences a change of condition is a question for the fact finder." *Id.* at 107, 576 S.E.2d at 194.

We recognize there is no requirement in the Workers' Compensation Act (the Act) that the evidence relied upon by the Commission be either subjective or objective. The appellate courts have affirmed awards based solely on objective evidence and awards based solely on subjective evidence. *See id.*, 353 S.C. at 110, 576 S.E.2d at 196 (affirming the Commission's finding, which was based in part on updated diagnostic tests); *Robbins v. Walgreens & Broadspire Servs., Inc.*, 375 S.C. 259, 265–66, 652 S.E.2d 90, 94 (Ct.App.2007) (affirming the Commission's denial of a claim for change of condition where medical tests performed both before and after the settlement of the claim showed the same condition despite claimant's continuing pain); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 23–24, 716 S.E.2d 123, 126–27 (Ct.App.2011) (explaining the Commission may consider lay and medical evidence and disregard medical evidence if the record contains other competent evidence, and reiterating the appellate court does not balance objective against subjective findings of medical witnesses, or weigh the testimony of one witness against that of another, in reviewing the Commission's findings); *see also Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 339–40, 513 S.E.2d 843, 846 (1999) (explaining the Commission has discretion to weigh and consider all evidence, both lay and expert, when determining causation); *Ballenger v. S. Worsted Corp.*, 209 S.C. 463, 467, 40 S.E.2d 681, 682–83 (1946) (finding despite doctor's testimony that there was not a connection with the accident that caused almost boiling dye to fly in claimant's face and eyes and his subsequent eye problems, lay testimony of claimant's good vision before the accident was sufficient to support an award).

We further recognize the Commission's order did not expressly and unequivocally state it was relying solely on objective evidence. Rather, the order states the Commission "reviewed the submitted evidence, including the medical records, the Claimant's testimony, the testimony of the various doctors, and the prior Orders." However, the hearing before the Commission and the Commission's order make it clear the Commission exclusively relied on the MRIs in finding Russell failed to objectively prove her claim. At the hearing, Wal-Mart argued, "This is really an issue over the doctors' testimony and whether or not there's been an *objective* physical change of condition for the worse." (Emphasis added.). Although the order stated the Commission gave "more weight to the medical records, the diagnostic tests, and the testimony of the medical experts" and they did "not support a physical change of condition for the worse[,]" the order also concluded, "[t]he preponderance of the evidence indicates that there was no objective difference between" the MRIs. The Commission found both doctors "ultimately testified that [there] was no objective or significant radiographical difference to be noted in the MRI scans[,]" and "[t]he preponderance of the evidence shows that [Russell's] radiographic condition has not worsened." However, the order ignores that both doctors concluded, to a reasonable degree of medical certainty, that Russell suffered a change of condition. Dr. Merritt testified to a reasonable degree of medical certainty there was a change even if it was not an obvious, objective change. He based his opinion on the MRIs and "in part on her subjective complaints." Dr. Edwards testified to a reasonable degree of medical certainty there was a chronic change in Russell's nerve, making it more painful or more symptomatic.

We find the Commission relied exclusively on objective evidence, the MRIs, in denying Russell's claim. Mindful of our standard of review of factual finding, we nevertheless conclude the Commission erred as a matter of law by imposing a requirement to the statute mandating a claimant prove a change of condition by objective evidence. *See Grant v. Grant Textiles*, 372 S.C. 196, 200–01, 641 S.E.2d 869, 871 (2007) (stating an appellate court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but it may reverse where the decision is affected by an error of law or is unsupported by substantial

evidence).  The Act provides, "the [C]ommission may ... make an award ... on proof by a preponderance of the evidence that there has been a change of condition caused by the original injury...." S.C.Code Ann. § 42–17–90(A) (2015). There is no requirement in the Act that a claimant prove the change of condition by objective evidence.  Thus, we reverse and remand to the Commission.

## II.  Remaining Issues

Russell argues the Commission erred in finding she did not suffer a change of condition and in finding her statements were self-serving and conclusory.  Because we find the Commission erred in requiring a change of condition to be established by objective evidence and reverse and remand on that issue, the court need not consider Stewart's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding it unnecessary to remaining issues when resolution of a prior issue was dispositive).

## CONCLUSION

Accordingly, we find the Commission erred in requiring Russell to establish her claim for a change of condition by objective evidence and reverse and remand to the Commission.

**REVERSED AND REMANDED.**

GEATHERS and MCDONALD, JJ., concur.