# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Paula Russell, Claimant, Petitioner,

v.

Wal-Mart Stores, Inc., Employer, and Illinois National
Insurance Company, Carrier, Respondents.

Appellate Case No. 2018-000354

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from the Workers' Compensation Commission

---

Opinion No. 27875
Heard February 21, 2019 – Filed April 3, 2019

---

## REVERSED

---

C. Daniel Vega, of Chappell Smith & Arden, P.A., of
Columbia, for Petitioner.

Johnnie W. Baxley III, of Willson Jones Carter & Baxley,
of Mount Pleasant, for Respondents.

---

**JUSTICE FEW:** An appellate panel of the workers' compensation commission
remanded Paula Russell's change of condition claim to a single commissioner for
what would be a third ruling on the same claim. Russell appealed the remand order
to the court of appeals, which dismissed the appeal on the ground the order was not
a final decision, and thus not immediately appealable. We find the remand order is
immediately appealable because the commission's unwarranted delay in making a

final decision requires immediate review to avoid leaving Russell with no adequate remedy on an appeal from a final decision. We reverse the court of appeals' order dismissing the appeal, reverse the appellate panel's remand order, and remand to any appellate panel of the commission for an immediate and final review of the original commissioner's decision.

## I.    Facts and Procedural History

Russell injured her back in 2009 while working at a Wal-Mart store in Conway. The commission found Russell suffered a 7% permanent partial disability, and awarded her twenty-one weeks of temporary total disability compensation. In 2011, Russell requested review of her award, claiming there had been a "change of condition caused by the original injury" pursuant to subsection 42-17-90(A) of the South Carolina Code (2015).

A single commissioner conducted a full evidentiary hearing on the 2011 claim on February 11, 2013. In a detailed order dated August 5, 2013, the commissioner found Russell had proven a change of condition. The commissioner ordered Wal-Mart to pay temporary total disability benefits beyond the original twenty-one weeks "through the present date and continuing." The commissioner based the award on Russell's testimony, and the testimony and medical records of two treating physicians. The commissioner explained in her order she relied on testimony of the two physicians who described a "physical, anatomical change" and an "increase in the size of the disc protrusion," demonstrated by an "objective" comparison of MRI images taken before and after the award.

An appellate panel reversed the commissioner. The panel dismissed Russell's testimony on the ground "it is conclusory and self-serving." The panel discounted the testimony and medical records of the two physicians, stating, "Both [physicians] ultimately testified there was no objective or significant radiographical difference to be noted in the MRI scans done before and after the original award." In an order dated January 30, 2014, the panel found Russell "failed to prove by a preponderance of the evidence . . . [she] has sustained a change of condition."

Russell appealed to the court of appeals. The court of appeals found the appellate panel "erred in requiring a change of condition to be established by objective evidence." *Russell v. Wal-Mart Stores, Inc.*, 415 S.C. 395, 398, 782 S.E.2d 753, 755 (Ct. App. 2016). The court of appeals reversed the panel and remanded "to the Commission," 415 S.C. at 401, 782 S.E.2d at 757, with no express remand instructions.

The court of appeals remitted the case to the commission on May 3, 2016. On March 20, 2017, a second commissioner filed a detailed order finding Russell "met her burden of proving a change of condition." On September 15, 2017, however, a new appellate panel vacated the second commissioner's order and remanded for what would be a third commissioner to make a third ruling. The panel stated, "At the remand hearing, the Single Commissioner shall conduct a full evidentiary hearing and allow both parties to submit testimony, medical records, and other additional evidence for consideration as to the issue of any award of benefits under the Act if the change of condition is found to be compensable."

Russell appealed the September 15, 2017 order to the court of appeals. In an unpublished decision, the court of appeals found the appellate panel's remand order was not immediately appealable and dismissed the appeal. Russell filed a petition for a writ of certiorari with this Court. She argued the commission's repeated remands for new hearings created a "perpetual"[1] "cycle of orders and appeals such that [she] will be deprived of an adequate remedy." We granted the petition, and now reverse.

## II.     Analysis

One primary goal of the Workers' Compensation Act is to provide quick and efficient resolution of work-related injury claims so neither employers nor employees become bogged down in complicated and protracted litigation. *See Peay v. U.S. Silica Co.*, 313 S.C. 91, 94, 437 S.E.2d 64, 65 (1993) (recognizing "Workers' compensation laws were intended by the Legislature to . . . provid[e] sure, swift recovery for workplace injuries regardless of fault"). This Court recently emphasized the goal, stating, "The Workers' Compensation Act was designed to supplant tort law by providing a no-fault system focusing on quick recovery, relatively ascertainable awards, and limited litigation." *Nicholson v. S.C. Dep't of Soc. Servs.*, 411 S.C. 381, 389, 769 S.E.2d 1, 5 (2015) (citing *Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 115, 580 S.E.2d 100, 107 (2003)).[2] The court of appeals addressed this goal in

---

[1] Russell did not use the word "perpetual" in her petition for a writ of certiorari. She did, however, use it in her petition for rehearing to the court of appeals. As we will explain, the term is appropriate.

[2] *See also* 99 C.J.S. *Workers' Compensation* § 16 (2013) (stating "considerations leading to the enactment of the compensation legislation [include] a desire to provide a remedy or form of relief to, or settlement of the claims of, injured workers or their

another case in which the commission unreasonably delayed addressing the merits of claims, stating, "If the claimants were entitled to benefits, they were entitled to receive them many years ago.  If the claimants were not entitled to benefits, [the employers] were entitled to have the claims denied many years ago." *Ex parte S.C. Prop. & Cas. Ins. Guar. Ass'n*, 411 S.C. 501, 506, 768 S.E.2d 670, 673 (Ct. App. 2015).

The Administrative Procedures Act limits the role of the judicial branch of government in meeting the goal of quick decisions in limited litigation by restricting appeals to final decisions in most cases.  *See* S.C. Code Ann. § 1-23-380 (Supp. 2018) ("A party . . . who is aggrieved by a final decision . . . is entitled to judicial review . . . ."); *Spalt v. S.C. Dep't of Motor Vehicles*, 423 S.C. 576, 583, 816 S.E.2d 579, 583 (2018) (stating "the Administrative Procedures Act permits an appeal only from 'a *final* decision . . .'" (quoting *Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control*, 387 S.C. 265, 266, 692 S.E.2d 894 (2010))). Nevertheless, this Court has struggled to foster quick and efficient resolution of work-related injury claims by discouraging the commission from making repeated, unnecessary remands.  In *Bone v. U.S. Food Service*, we cited "lingering confusion in this area [of immediate appealability] that has arisen after the passage of the Administrative Procedures Act" as a basis for granting certiorari to review the court of appeals' dismissal of an interlocutory appeal.  399 S.C. 566, 570, 733 S.E.2d 200, 202 (2012), *adhered to on reh'g*, 404 S.C. 67, 744 S.E.2d 552 (2013).  Ultimately, we denied an immediate appeal and permitted a remand for a new hearing, 404 S.C. at 84, 744 S.E.2d at 562, but we highlighted the prejudice employers and employees may suffer from delaying appeal of interlocutory orders until after final judgment, 404 S.C. at 82-83, 744 S.E.2d at 561.  The dissent in *Bone* addressed the problem even more directly.  Justice Hearn wrote, "Moreover, the interests of judicial economy demand a rejection of the majority's view.  Taken to its logical conclusion, the majority's position could have cases trapped in a cycle of remands for years." 404 S.C. at 92, 744 S.E.2d at 566 (Hearn, J., dissenting).

---

dependents that is prompt and speedy" (footnote omitted)); 82 Am. Jur.2d *Workers' Compensation* § 12 (2013) ("A state's workers' compensation act . . . provid[es] injured employees with an efficient system of rights, remedies, and procedures with the goal of giving them prompt relief. Among the purposes of a workers' compensation act [is] . . . providing prompt justice for injured workers and preventing the delays that might arise from protracted litigation." (footnotes omitted)).

In *Hilton v. Flakeboard America Limited*, 418 S.C. 245, 791 S.E.2d 719 (2016), we again faced the prejudice workers' compensation litigants may encounter when the commission orders repeated remands, and appeal must be delayed until a final decision. We stated, "Under these unique circumstances where the Commission has ordered the relitigation of the entire dispute without regard to the matters raised by the appealing party, we find that requiring Hilton to wait until the final agency decision to appeal would not provide him an adequate remedy." 418 S.C. at 250, 791 S.E.2d at 722; *see* § 1-23-380 ("A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."). We foresaw in *Hilton* precisely what has happened in this case, that "a party could face the possibility of repeated unexplained 'do overs' before a final decision of the Commission." 418 S.C. at 252, 791 S.E.2d at 723. In *Hilton*, we granted an immediate appeal despite the fact the commission's order was not a final decision. *Id.*; *see also* 418 S.C. at 253, 791 S.E.2d at 723 (Kittredge, J., concurring) (contending "the petitioners in *Bone* made the identical argument . . . , that review of a final agency decision would not provide an adequate remedy").

If this Court's role in achieving this goal of the Workers' Compensation Act is limited, however, the commission's role is primary. *See James v. Anne's Inc.*, 390 S.C. 188, 201-02, 701 S.E.2d 730, 737 (2010) (stating the "'workers' compensation commission . . . is, in the first instance, responsible for effectuating the purposes of the workers' compensation act by administering, enforcing, and construing its provisions in order to secure its humane objectives.'" (quoting 100 C.J.S. *Workers' Compensation* § 706 (2000))). The Workers' Compensation Act sets forth the procedure the commission should follow to fulfill its purpose. Subsection 42-17-40(A) of the South Carolina Code (2015) provides, "The commission or any of its members shall hear the parties at issue and their representatives and witnesses and shall determine the dispute in a summary manner." Section 42-17-50 of the South Carolina Code (2015) provides an "application for review" by an appellate panel must be made "within fourteen days," in which case an appellate panel may, "if good grounds be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives and, if proper, amend the award."

In most instances, therefore, a claim filed with the commission will be assigned to one commissioner who must promptly conduct a hearing and "determine the dispute in a summary manner." § 42-17-40(A). If the commissioner's decision is appealed, an appellate panel must promptly hear the appeal, and "if proper, amend the award." § 42-17-50. In all but rare cases, the appellate panel should proceed promptly to make a final decision without the necessity of any remand. When the commission

follows this procedure, it will have fulfilled the legislatively set goal to "provide[] a . . . system focusing on quick recovery, relatively ascertainable awards, and limited litigation." *Nicholson*, 411 S.C. at 389, 769 S.E.2d at 5.

In this case, however, the commission's unnecessary delays and repeated remands over the almost eight years since Russell filed her change of condition claim frustrated the goals of the Workers' Compensation Act. As we will explain, each of the remands was unnecessary—particularly the remand order on appeal—and thus contributed to the commission's failure to make a final decision in a timely manner.

After the first appellate panel reversed the first commissioner, the court of appeals reversed. *Russell*, 415 S.C. at 397, 782 S.E.2d at 754. The focus of the court of appeals was the error of requiring that only objective evidence may support the claim. *See* 415 S.C. at 398, 782 S.E.2d at 755 ("Russell argues the Commission erred in requiring a change of condition to be established by objective evidence. We agree."). That was an error only in the appellate panel's review of the first commissioner's decision. In fact, as we previously explained, the first commissioner specifically relied on Russell's subjective testimony, and on the subjective impressions of the two physicians, in addition to the objective MRI scans. While the court of appeals did not provide the commission with specific remand instructions, the commission should have been able to determine that its error was in the appellate panel's review of the commissioner—not in the work of the commissioner. It was completely unnecessary, therefore, for the commission to require the case be reheard by a second commissioner. Rather, given the clear description of the error committed by the appellate panel in reversing the original commissioner, the only task for the commission after the court of appeals' decision was to complete a renewed review of the original commissioner's order under proper principles of law.

It was also completely unnecessary for the second appellate panel to remand to a third commissioner after the second commissioner reviewed the evidence and filed a second detailed order. The court of appeals' 2016 opinion required only a new review, not a new hearing. Even before the second commissioner ruled, counsel for Wal-Mart specifically argued there should be no new hearing. In an email to the commission shortly after the court of appeals remitted the case in May 2016—nine months before the second commissioner's March 2017 order—counsel for Wal-Mart wrote,

> Based upon the hearing notice that I have received, it appears as though this matter has been set for a de novo

hearing before the single commissioner. I believe this to be in error based upon the remand from the . . . court of appeals. . . . There is nothing in the remand . . . which indicates that a new hearing should be held and that new evidence should be taken on the claim; instead, the commission is simply supposed to reconsider the existing evidence and issue new factual findings in accordance with the legal issues raised by the court of appeals. I believe that having a new hearing . . . is improper from a legal and procedural perspective.

Counsel for Wal-Mart continued, specifically raising the concern we foresaw in *Hilton* and upon which we now reverse,

I am surprised that this matter was not considered by the full commission and that new factual findings were not issued in accordance with the directives of the court of appeals. Any new factual findings coming from a single commissioner will simply necessitate more appeals and more litigation. . . . I certainly don't see any basis for a de novo hearing or consideration of new evidence; the remand from the court of appeals simply directs the commission to reconsider the existing evidence in light of [the court's] legal determination.

Nevertheless, despite the fact counsel for Wal-Mart specifically asked there not be a de novo hearing, despite the fact the issue of a de novo hearing was not raised by either side after the second commissioner's order, despite the fact almost six years had elapsed since Russell's claim for a change of condition was filed, despite the existence of two detailed single commissioner orders awarding Russell additional benefits, the appellate panel remanded to a third commissioner for a third hearing, specifically requiring the very thing the party appealing to it (Wal-Mart) had specifically asked not to have—a new hearing.

In summary, Russell filed her claim for an increase in benefits due to a change of condition in 2011. In 2013, a commissioner found she proved her condition had changed for the worse. As of the writing of this opinion—nearly eight years after Russell filed her claim—Russell has not received any additional benefits, despite two commissioners finding she was entitled to them. *Cf. Rose v. JJS Trucking, LLC*, 411 S.C. 366, 369, 768 S.E.2d 412, 413 (Ct. App. 2015) (finding an interlocutory

order not immediately appealable under the "adequate remedy" provision when the only prejudice was "to delay the payment of money" between insurance providers). If Russell is entitled to additional benefits, she was entitled to receive them many years ago. If she is not entitled to additional benefits, Wal-Mart was entitled to have her claim denied many years ago. *S.C. Prop. & Cas. Ins. Guar. Ass'n*, 411 S.C. at 506, 768 S.E.2d at 673. The commission failed to fulfill its responsibility under the Workers' Compensation Act to promptly decide this case without protracted litigation.

### III.    Conclusion

We find the commission's unreasonable delay in making a final decision leaves Russell without an adequate remedy on appeal from a final decision under section 1-23-380. Therefore, we find the appellate panel's remand order is immediately appealable. We **REVERSE** the court of appeals' dismissal, **REVERSE** the order remanding to a single commissioner, and **REMAND** to any appellate panel for immediate and final review of the original commissioner's August 5, 2013 order in accordance with the 2016 holding of the court of appeals.

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.**