# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Johnny Tucker, Employee, Respondent,

v.

South Carolina Department of Transportation, Employer, and State Accident Fund, Carrier, Petitioners.

Appellate Case No. 2018-000076

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from the Workers' Compensation Commission

---

Opinion No. 27906
Heard March 26, 2019 – Filed July 24, 2019

---

## AFFIRMED

---

David Hill Keller and Evelyn A. Norton, Turner Padget Graham & Laney, P.A., of Greenville, for Petitioners.

Preston F. McDaniel, The McDaniel Law Firm, of Columbia; Gerald Malloy, Malloy Law Firm, of Hartsville, for Respondent.

---

**JUSTICE FEW:** In this appeal from the workers' compensation commission, we address the timing requirement in South Carolina Code subsection 42-17-90(A) (2015) for a claim based on a change of condition. We reject Petitioners' argument that satisfying this timing requirement is dependent on a claimant requesting a

hearing within the time period set forth in the subsection. Rather, we hold the timing requirement is satisfied upon the filing of a Form 50 to initiate the claim.

Johnny Tucker injured his shoulder on May 2, 2011, while working at the South Carolina Department of Transportation. The commission found he "sustained 5% permanent partial disability . . . for which he is entitled to fifteen weeks of compensation." On May 2, 2013, Tucker filed a Form 50 asserting a claim for additional benefits on the basis that his condition caused by the 2011 injury had changed. Tucker checked the box on line 13a of the Form 50 indicating, "I am not requesting a hearing at this time." On July 30, 2014, Tucker filed another Form 50. This second Form 50 was identical to the first except this time he checked the box on line 13b indicating, "I am requesting a hearing."

Petitioners—the Department of Transportation and the State Accident Fund— defended the claim on the basis that Tucker did not comply with the timing requirement of subsection 42-17-90(A). The subsection provides that when a party makes a claim based on a change of condition, "the review must not be made after twelve months from the date of the last payment of compensation pursuant to an award." Tucker received his last payment of compensation on November 28, 2012. The first Form 50 was filed within twelve months, but Tucker's request for a hearing in the second Form 50 did not occur within twelve months.

Petitioners argued a claimant must request a hearing within twelve months to satisfy the timing requirement. The commission agreed, and denied the claim. The court of appeals did not agree. It held the claim "was timely filed," and reversed in an unpublished decision. *Tucker v. S.C. Dep't of Transp.*, Op. No. 2017-UP-379 (S.C. Ct. App. filed Oct. 18, 2017). Petitioners filed a petition for a writ of certiorari with this Court, again arguing a claimant must request a hearing within twelve months. We granted the petition.

Subsection 42-17-90(A) is ambiguous in respect to the timing requirement. Its operative language regarding timing is "the review must not be made after twelve months from the date of the last payment of compensation." The term "review" is not defined anywhere in the Workers' Compensation Act, in the commission's regulations, or in our decisions. The ordinary meaning of the term gives us little guidance as to the intent of the Legislature as to what event must occur to meet the timing requirement. In addition, the point in time at which a review becomes "made" is not something that is clear to us. We find, however, there is no basis in the law for Petitioners' proposition that the date a claimant requests a hearing is determinative of whether a claim for change of condition is timely.

We have addressed this timing requirement before. In *Wallace v. Campbell Limestone Co.*, 198 S.C. 196, 17 S.E.2d 309 (1941), the claimant waited more than three years after his last payment of compensation to file a claim for additional benefits. 198 S.C. at 199, 17 S.E.2d at 310. We held the commission correctly denied the claim on the ground it was filed too late. 198 S.C. at 203, 17 S.E.2d at 312. We later characterized our holding in *Wallace* as, "We have gone no further than to hold that the application for review must be made within one year after the last payment of compensation." *Allen v. Benson Outdoor Advert. Co.*, 236 S.C. 22, 30, 112 S.E.2d 722, 726 (1960) (citing *Wallace*).

In *Allen*, the claimant did file his application for review within twelve months, "but there was no hearing . . . until . . . twelve days after the expiration of the one year period." 236 S.C. at 29, 112 S.E.2d at 725. The employer and carrier argued "it is not sufficient for the application for review to be made within one year after the last payment of compensation but the application must be heard by the Commission within that period." 236 S.C. at 29-30, 112 S.E.2d at 725. We rejected that position, stating, "It represents a literal and strict construction of [the subsection] when under the well-settled rule a liberal construction is required." 236 S.C. at 30, 112 S.E.2d at 725. After noting, "Similar statutes have been construed in other jurisdictions as only requiring that the application for review be made within the statutory period," 236 S.C. at 30, 112 S.E.2d at 726, we held the commission could hear the claim because "[t]he application for review here [was] filed within one year after the last payment of compensation," 236 S.C. at 31, 112 S.E.2d at 726.[1]

Petitioners place a strained interpretation on our decision in *Allen*. The argument seems to be that requesting a hearing is the event we referred to in *Allen* as the "application for review." We find no support for this argument. In *Allen* itself, we gave no indication the claimant *ever* requested a hearing. We stated simply, "Hearings were held . . . ." 236 S.C. at 25, 112 S.E.2d at 723. We now hold a Form 50 is the modern equivalent of what we then referred to as an application.[2] The Form

---

[1] In *Allen*, we held the commission had "jurisdiction" to hear the claim, 236 S.C. at 31, 112 S.E.2d at 726, but the issue we addressed in *Allen*—and address here—is not jurisdictional. Rather, the question is simply whether the claimant satisfied the timing requirement of subsection 42-17-90(A). If not, the commission has jurisdiction, but it must deny the claim as untimely.

[2] Form 50 did not exist when we decided *Allen* in 1960. There were other industrial commission forms at least as early as 1947, but there was no separate form for filing

states at the top, "A claim for workers' compensation benefits is made based on the following grounds." It then has various boxes to check and blanks to fill in to provide the essential factual and legal basis for the claim. We do not believe this

a claim. The available forms included Form 11, entitled "Notice of Accident to His Employer," and Form 25, entitled "Request that Claim be Assigned for Hearing." Form 50 appears to have been created in 1968. At that time, Form 50 was entitled "Application of Employee for Benefits and Request for Hearing." Until 1990, the Form 50 was called an "Application," and the filing of it was an automatic request for a hearing. Ernest B. Castles, THE SOUTH CAROLINA WORKMEN'S COMPENSATION ACT ANNOTATED (Castles ed., 1947), *later revised as* THE SOUTH CAROLINA WORKMEN'S COMPENSATION LAW (S.C. Indus. Comm'n ed., 1950, 1956, 1959, 1970, and 1974).

The workers' compensation commission adopted regulations in 1990. 14 S.C. Reg. 109-76 (Jun. 22, 1990). Before then, "practitioners often filed a claim by filing a letter of representation. A letter of representation was construed to toll the statute of limitations and preserve the claim until it was ripe for adjudication. Filing a Form 50 . . . caused a hearing to be scheduled regardless of whether the claim was ripe . . . ." Grady L. Beard et al., THE LAW OF WORKERS' COMPENSATION INSURANCE IN SOUTH CAROLINA 434-35 (6th ed. 2012). The commission amended Form 50 in 1990 to add lines 13a and 13b "to eliminate setting claims for adjudication prematurely." *Id.* at 435. After the amendment, the common practice to file a claim was a claimant would file a Form 50 and "check[] the box opposite line 13a" indicating no hearing was requested. *Id.* "When the claim [became] ripe for adjudication, the claimant [w]ould file a new Form 50 . . . marking the box opposite line 13b . . . requesting a hearing." *Id.* (citing 67 S.C. Code Ann. Regs. 67-207 (Supp. 2018)).

In common practice, therefore, to file a timely claim, attorneys have done precisely what Tucker did in this case. There is no indication there was ever a practice or procedure under which the request for a hearing was given any significance in meeting timing deadlines. While the discussion in Beard, *supra*, relates to the filing of an initial claim to meet the two-year statute of limitations in section 42-15-40 of the South Carolina Code (2015), we see no reason to believe the same practice was not observed in filing a claim for a change of condition. Therefore, Petitioners' contention that we meant in *Allen* to require the request of a hearing to meet the timing requirement of subsection 42-17-90(A) is unsupported in law and the history of practice in this area.

form can be reasonably construed as anything other than an "application for review" as we used the term in *Allen*. Therefore, if *Allen* was not clear before, we now clarify that the filing of a Form 50 to initiate a claim for a change of condition is the event that must occur within twelve months of the last payment of compensation to meet the timing requirement of subsection 42-17-90(A).

The fact a claimant does not request a hearing does not mean the claim will sit unattended. In *Russell v. Wal-Mart Stores, Inc.*, 426 S.C. 281, 826 S.E.2d 863 (2019), we pointed out a "primary goal of the Workers' Compensation Act is to provide quick and efficient resolution of work-related injury claims." 426 S.C. at 285, 826 S.E.2d at 865. The commission shares with the parties the responsibility to meet that goal. 426 S.C. at 287, 826 S.E.2d at 866. We stated, "In most instances, . . . a claim filed with the commission will be assigned to one commissioner who must promptly conduct a hearing and 'determine the dispute in a summary manner.'" 426 S.C. at 288, 826 S.E.2d at 866 (quoting S.C. Code Ann. § 42-17-40(A) (2015)). If the parties reasonably need time to prepare, or to negotiate in good faith, the assigned commissioner—or an appellate panel on review—should allow it. In ordinary circumstances, however, no claim may be allowed to sit while the commission waits for a party to request a hearing. In other words, even if a claimant checks the line 13a box indicating "I am not requesting a hearing at this time," the commission must act reasonably to move the claim toward a "quick and efficient resolution."[3]

At oral argument, we discussed with counsel the possibility a claimant may file a Form 50 within twelve months, and then intentionally delay a hearing in the hope that evidence will later develop to support a change of condition claim. In the case before us, there is no indication whatsoever Tucker or his counsel attempted to do this. Such an improper effort,[4] as we have explained, should have no chance of success. However, if an employer suspects this, and the commission does nothing to move the claim toward resolution, the employer may request a hearing or in some other fashion seek to protect its interests.

---

[3] We recognize that our decisions in *Russell* and this case will change the practice of allowing claims to sit until a hearing is requested, and will require the commission to consider amending certain regulations, including 67-207.

[4] *See* Rule 3.1, RPC, Rule 407, SCACR ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous . . . .").

We affirm the court of appeals' decision finding the claim "timely."  We remand to the commission to promptly conduct a hearing on the merits of Tucker's claim for a change of condition.

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.**